**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-1200 |
| | ) | |
| CECILIO LOPEZ DIAZ a/k/a CECILIO DIAZ | ) | |
| LOPEZ, individually and d/b/a EL RANCHITO | ) | |
| BAR, | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Before the Court is Plaintiff's Motion for Default Judgment and Brief in Support [Doc. Nos. 13-14]. Plaintiff seeks entry of default judgment against Defendant Cecilio Lopez Diaz a/k/a Cecilio Diaz Lopez, individually and d/b/a El Ranchito Bar (Defendant), awarding damages, attorneys' fees and costs following the Clerk's Entry of Default [Doc. No. 12] on April 22, 2014.

The Court docket reflects that Defendant was timely served. *See* Return of Service [Doc. Nos. 6-7]. The time for Defendant to answer or otherwise respond has expired. Defendant has not entered an appearance in this case or otherwise requested an extension of time, or filed any pleading or motion.

Plaintiff seeks entry of default judgment against Defendant pursuant to Fed. R. Civ. P. 55(b). Plaintiff's motion is directed to Defendant's alleged violation of 47 U.S.C. § 605 as set forth in Count I of the Complaint. Plaintiff alleges that it had "exclusive nationwide television distribution rights to *Manny Pacquiao v. Juan Manuel Marquez WBO Welterweight Championship Fight Program*, telecast nationwide which took place on Saturday, November 12, 2011 . . . ." Complaint, ¶ 8. Plaintiff further alleges that Defendant "unlawfully publish[ed], divulge[d] and exhibit[ed] the

Program at the time of transmission at [its] Oklahoma City, Oklahoma location (5900 South Shields Boulevard, Oklahoma City, Oklahoma)."  Complaint, ¶ 11.

Defendant, by not answering or otherwise responding, has admitted the well-pleaded factual allegations of the complaint.  *See Burlington Northern R. Co. v. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996), *citing* Fed. R. Civ. P. 8(d) (now Fed. R. Civ. P. 8(b)(6)).  However, in support of its motion for default judgment, Plaintiff submits contradictory evidence. Plaintiff submits the affidavit of Nicolin Ryan Decker, a private investigator who went to Defendant's establishment on November 12, 2011.  *See* Motion, Decker Affidavit [Doc. No. 14-2].  In that affidavit, Investigator Decker states: "At the time I was inside the above establishment, I observed the following program on the above televisions: The third and fourth round of the *Bradley vs. Casamayor fight . . . .*"  *See id*. at ¶ 4 (emphasis added).  Plaintiff also submits the affidavit of Joseph M. Gagliardi, the President of J&J Sports Productions, Inc., who states the following:

> The [*Manny Pacquiao v. Juan Manuel Marquez Championship Fight Program]*contained several televised under-card bouts, color commentary, along with the main event prizefight between Manny Pacquiao and Juan Manuel Marquez. *As set forth within the sworn Affidavit of Michael Gardiner*, it was the third and fourth rounds of the main event prizefight between Manny Pacquiao and Juan Manuel Marquez that Mr. Gardiner observed as being *unlawfully* exhibited by the establishment doing business as "El Ranchito" on Saturday, November 12, 2011 . . . .

*See* Gagliardi Affidavit [Doc. No. 14-1] at ¶ 7 (emphasis added and in original). The record contains no affidavit from an individual named Michael Gardiner as referenced in Mr. Gagliardi's Affidavit.

Although it is probable that the fight observed at Defendant's establishment by Investigator Decker is one of the "under-card bouts" referenced in Mr. Gagliardi's Affidavit, and included in the Plaintiff's licensing rights for the *Manny Pacquiao v. Juan Manuel Marquez Championship Fight Program*, the conflicting and/or incomplete evidence presented by Plaintiff prevents the Court from

making that factual determination – the very factual determination essential to Plaintiff establishing Defendant violated 47 U.S.C. § 605.

The Court therefore DENIES Plaintiff's Motion for Default Judgment [Doc. Nos. 13-14]. Plaintiff, however, is granted leave to file an amended motion to clarify the record with respect to whether the "Bradley vs. Casamayor fight" observed by Investigator Decker was an under-card fight included as part of the license purchased by Plaintiff for the *Manny Pacquiao v. Juan Manuel Marquez Championship Fight Program.*

IT IS SO ORDERED this 23rd day of May, 2014.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE