# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CECILIO LOPEZ DIAZ a/k/a CECILIO DIAZ )<br>LOPEZ, individually and d/b/a EL RANCHITO )<br>BAR, )<br>Defendant. ) | Case No. CIV-13-1200 |

## ORDER

Before the Court are Plaintiff's Amended Motion for Default Judgment [Doc. No 19] and Defendant Cecilio Lopez's Motion for Order to Dismiss and Brief in Support [Doc. Nos. 21-22]. Plaintiff seeks entry of default judgment against Defendant Cecilio Lopez Diaz a/k/a Cecilio Diaz Lopez, individually and d/b/a El Ranchito Bar (Defendant) awarding damages, attorneys' fees and costs following the Clerk's Entry of Default [Doc. No. 12] on April 22, 2014. Defendant, appearing *pro se*, seeks dismissal of the "default judgment" and claims Plaintiff has mistaken his bar, El Ranchito, for another bar, the Touche Club, and that it is the Touche Club that engaged in the unlawful practices which form the basis for Plaintiff's complaint. Because no default judgment has been entered, the Court construes Defendant's motion as a request to set aside entry of default by the Clerk of Court on April 22, 2014. *See* Clerk's Entry of Default [Doc. No. 12].

## I.   Case History

Plaintiff seeks entry of default judgment against Defendant pursuant to Fed. R. Civ. P. 55(b). Plaintiff's motion is directed to Defendant's alleged violation of 47 U.S.C. § 605 as set forth in Count I of the Complaint. Plaintiff alleges that it had "exclusive nationwide television distribution rights to *Manny Pacquiao v. Juan Manuel Marquez WBO Welterweight Championship Fight*

*Program*, telecast nationwide which took place on Saturday, November 12, 2011 . . . ." Complaint, ¶ 8. Plaintiff further alleges that Defendant "unlawfully publish[ed], divulge[d] and exhibit[ed] the Program at the time of transmission at [its] Oklahoma City, Oklahoma location (5900 South Shields Boulevard, Oklahoma City, Oklahoma)." Complaint, ¶ 11.

The Court docket reflects that Defendant was served on January 16, 2014. *See* Return of Service [Doc. Nos. 6-7]. Defendant did not file a timely answer or otherwise respond to the complaint.

On March 11, 2014, correspondence from Defendant addressed to Plaintiff's counsel and dated January 18, 2014, was filed with the Clerk of Court. The correspondence acknowledges that Defendant was served with the summons on January 16, 2014. On March 19, 2014, the Court entered an order [Doc. No. 9] striking the correspondence for failure to comply with the local rules of this Court and the Federal Rules of Civil Procedure.

As noted, the Clerk of Court entered default against Defendant on April 22, 2014. *See* Clerk's Entry of Default [Doc. No. 12]. Thereafter, on April 29, 2014, Plaintiff filed a motion for default judgment [Doc. Nos. 13-14]. The Court entered its Order [Doc. No. 15] denying the motion for default judgment on May 23, 2014. The Court determined that Plaintiff had relied on contradictory evidentiary materials as to facts essential to its entitlement to relief. The Court's denial was without prejudice to Plaintiff re-submitting a motion for default judgment. After two failed attempts by Plaintiff to re-submit filings seeking entry of default judgment, *see* [Doc. Nos. 16 and 18], on June 16, 2014, Plaintiff submitted the amended motion for default judgment currently pending before the Court. Defendant filed its pending motion on June 24, 2014.

2

Because Plaintiff is appearing *pro se*, he is entitled to a liberal construction of his filings. *Hall v. Witteman*, 584 F.3d 859, 863-64 (10th Cir. 2009). The Court, therefore, construes Defendant's Motion for Order to Dismiss Default Judgment and Brief in Support [Doc. Nos. 21-22] as a motion to set aside the Clerk's entry of default, pursuant to Fed. R. Civ. P. 55(c).

## II. **Standard**

Rule 55(c) provides that an entry of default may be set aside for "good cause." The court may consider, among other factors, "'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 Fed. Appx. 744, 750 (10th Cir.2009) (quoting *Matter of Dierschke*, 975 F.2d 181, 183 (5th Cir.1992)); *accord Guttman v. Silverberg*, 167 Fed. Appx. 1, 3 (10th Cir. 2005). "These factors are not 'talismanic.'" *Hunt v. Ford Motor Co.*, No. 94-3054, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (unpublished op.). The court does not have to consider them all and may consider others. *Id*.

Recognizing that default judgments are a "harsh sanction" and that "strong policies favor resolution of disputes on their merits," the Tenth Circuit has advised that a default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. *In re Rains*, 946 F.2d 731, 733 (10th Cir. 1991) (citations omitted). In such circumstances, the diligent party must be protected so that he is not subjected to "interminable delay and continued uncertainty as to his rights." *Id*. Default judgments are generally disfavored because "the court's power is used to enter and enforce judgments regardless of the merits of the case, purely as a penalty for delays in filing or other procedural error." *Id*. (citation omitted).

3

**III.     Discussion**

Defendant does not explain the reasons for his delay in responding to the complaint. He does point to his attempt to file an answer through correspondence submitted on March 11 , 2014, but stricken by the Court. He does not, however, explain his failure to submit any further pleadings or papers until the filing of the pending motion. Although Defendant states Plaintiff's attorney has consistently mailed filings and correspondence to the wrong address, Defendant does not contend he has not received notice of any such filings.

Defendant primarily seeks to set aside the entry of default based on the merits of his defense. Defendant claims he has not engaged in any of the conduct which serves as the basis for the claims brought in the complaint. Defendant contends Plaintiff has mistaken the bar he owns and operates for a bar located in the same vicinity. He claims the description of the bartender in the affidavit submitted in support of Plaintiff's Motion for Default Judgment does not match his description. He claims the description of the bartender and the description of the interior of the bar are identical to the Touche Club and its owner, not Defendant or his bar, the El Ranchito Bar.[1]

The Court previously denied Plaintiff's Motion for Default Judgment due to discrepancies and inconsistencies in the factual matters set forth in affidavits in support thereof. Although those

---

[1] Plaintiff submits the Affidavit of Nicolin Ryan Decker, an investigator hired by Plaintiff. *See* Affidavit [Doc. No. 19-2]. Decker described the bartender at the subject premise as an "hispanic male approximately 6'1", 175 lbs, 55 years old. *See id*. at ¶ 2. Decker further described the inside of the bar as follows: "Upon entering the bar area was located on the north side and a billiards table was located in the middle of the bar. There was budweiser decor hanging from the ceiling along with additional alcoholic beverage decor on the walls." *Id*. at ¶ 5. Defendant states that Decker has described the interior of the Touche Bar and its owner. Defendant states that he is 68-years-old, 5'5" tall and weighs 150 pounds. He describes the interior of his bar as follows: "The interior of El Ranchito Bar has three (3) billiard tables in the middle of the bar, two very large (4' x 6') portraits of "The Matador" and "The Senorita" and a 10' wide set of Longhorns horns and 10 decorated bull skulls on the walls." *See* Defendant's Brief in Support [Doc. No. 22] at ECF p. 3.

4

factual matters are unrelated to Defendant's claim of "mistaken identity," the Court has some concern as to the accuracy of the factual assertions set forth in the affidavits Plaintiff relies upon.[2] The Court finds, particularly under these circumstances, that Defendant's statements create an issue as to whether Plaintiff has in fact brought its claims against the correct business and owner. While the Court expresses no opinion as to the validity of Defendant's factual assertions, for purposes of setting aside the entry of default, Defendant has stated a meritorious defense. *See In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978) (to determine whether a defendant has stated a meritorious defense, "the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action").[3]

Moreover, Plaintiff has not identified any resulting prejudice to it if the Clerk's entry of default were set aside. On balance of the factors considered and because the preferred course is to resolve cases on the merits, the Court finds good cause exists to set aside the Clerk's entry of default.

Defendant asks that the Court reconsider its determination to strike the correspondence he filed on March 11, 2014. Defendant requests that the Court deem this correspondence to be a properly filed answer. The Court denies Defendant's request but grants Defendant leave to file an

---

[2]The Court's concern is heightened due to the many errors exhibited by Plaintiff in the course of these proceedings. Plaintiff acknowledges that this Court has exercised "great patience with [its] errant pleadings." *See* Plaintiff's Response [Doc. No. 24] at p. 3.

[3]Defendant's submission of the factual allegations in the moving papers is sufficient. *See Stone*, 588 F.2d at 1319-20 ("Factual allegations, if otherwise sufficient, are not objectionable because of the means by which they become part of the moving papers. The allegations may be satisfactorily presented in the written motion itself, in an appended proposed answer, or in attached affidavits.").

answer to the complaint out of time. Defendant is directed to file an answer within twenty-one (21) days of the date of this Order.

The Court admonishes Defendant that although default will be set aside and he is granted leave to file an answer out of time, Defendant may not appear at his pleasure. Pro se litigants must "follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Defendant is cautioned that strict compliance with the deadlines set by the Court is necessary and that Defendant is subject to the Federal Rules of Civil Procedure as well as the local rules of this Court. Defendant's failure to comply with these rules could result in the subsequent entry of default or other sanctions as may be deemed appropriate.

In light of the Court's determination that entry of default should be set aside, the Court finds that Plaintiff's Amended Motion for Default Judgment should be denied.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Default Judgment [Doc. No. 21], construed as a motion to set aside the Clerk's Entry of Default [Doc. No. 12], is GRANTED. The Clerk of Court is directed to set aside the entry of default pursuant to Fed. R. Civ. P. 55(c).

IT IS FURTHER ORDERED that Plaintiff's Amended Motion for Default Judgment [Doc. No. 19] is DENIED.

IT IS FURTHER ORDERED that Defendant is directed to file an answer within twenty-one (21) days of the date of this Order.

IT IS SO ORDERED this 10th day of September, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE