# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

J&J SPORTS PRODUCTIONS, INC., )
)
    Plaintiff, )
)
v. ) Case No. CIV-13-1200
)
CECILIO LOPEZ DIAZ a/k/a CECILIO DIAZ )
LOPEZ, individually and d/b/a EL RANCHITO )
BAR, )
    Defendant. )

## **O R D E R**

Before the Court are Plaintiff's Second Motion for Default Judgment [Doc. No. 30] and Defendant Cecilio Lopez Diaz's Motion to Dismiss Second Motion for Default Judgment [Doc. No. 32]. The matter is briefed and ready for decision.

## **Background**

The history of this case demonstrates Plaintiff's ineptness in pursuing its claims and Defendant's failure to directly answer the allegations of the Complaint. Both parties have continued to disregard the directives of this Court.

Currently pending before the Court is Plaintiff's third attempt to obtain a default judgment against Defendant. But the faulty evidentiary support that prevented the entry of default judgment in the first instance has now been repeated.

In this action, Plaintiff brings claims against Defendant pursuant to the Communications Act of 1934, 47 U.S.C. § 605, *et seq*. and the Cable and Television Consumer Protection Act of 1992, 47 U.S.C. § 553, *et seq*. *See* Complaint [Doc. No. 1]. Plaintiff alleges that it held exclusive nationwide television distribution rights to the program *Manny Pacquiao v. Juan Manuel Marquez,*

*WBO World Welterweight Championship Fight* telecast on November 12, 2011 (Program) and that Defendant unlawfully intercepted, published and exhibited the Program.

In moving for default judgment, Plaintiff relies on the affidavit of Nocolin Ryan Decker, a private investigator who allegedly witnessed the unlawful airing of the Program at El Ranchito Bar, a bar allegedly owned by Defendant. Ms. Decker's affidavit, however, references the "Bradley vs. Casamayor fight," a program different from the Program at issue as the program she witnessed when she conducted her investigation at the El Ranchito Bar. *See* Decker Affidavit [Doc. No. 31-2]. Plaintiff also relies on the affidavit of Joseph M. Gagliardi. Mr. Gagliardi states that the private investigator who viewed the unlawful airing of the Program is named Michael Gardiner. *See* Gagliardi Affidavit [Doc. No. 31-1] ("As set forth in the sworn Affidavit of Michael Gardiner, it was the third and fourth rounds of the main event prizefight between Manny Pacquiao and Juan Manuel Marquez that Mr. Gardiner observed as being *unlawfully* exhibited by the establishment doing business as 'El Ranchito' on Saturday, November 12, 2011 . . . ."). The record contains no affidavit by the individual identified as Michael Gardiner.

The Court previously advised Plaintiff of the inaccuracies created in the record by these affidavits and denied granting default judgment as a result. *See* Order [Doc. No. 15] at p. 2. As the Court made clear, "the conflicting and/or incomplete evidence presented by Plaintiff prevents the Court from making . . . the very factual determination essential to Plaintiff establishing Defendant violated 47 U.S.C. § 605." *Id*. at pp. 2-3.

Thereafter, Plaintiff filed an Amended Motion for Default Judgment [Doc. No. 19] and submitted a Supplemental Affidavit [Doc. No. 19-2] purporting to correct the discrepancies addressed by the Court's Order. The Supplemental Affidavit states that it was Ms. Decker who

2

observed the program and clarifies that Ms. Decker viewed "the under-card bout between Timothy Bradley and Joseph Casamayor." *See* Gagliardi Supplemental Affidavit [Doc. No. 19-2], ¶ 7. It appears this "under-card bout" is included within the licensing of the Program.

The Court, however, denied the Amended Motion finding that Defendant had stated a meritorious defense. Defendant challenged Ms. Decker's description of him and her description of the bar. Defendant alleged Plaintiff was pursuing claims against him based on "mistaken identity." The Court relied, in part, on its concerns about the factual assertions set forth in the affidavits relied upon by Plaintiff and that those concerns coupled with Defendant's allegations of "mistaken identity" as to the proper defendant, created an issue as to whether Plaintiff had in fact brought its claims against the proper owner and business. *See* Order [Doc. No. 25] at p. 5. The Court denied the Amended Motion and granted Plaintiff leave to file an Answer within twenty-one days of the Order. *Id*. at p. 6.

Rather than file an answer, Defendant filed a document entitled "Response to Order of the Court" [Doc. No. 26]. The Court entered an Order [Doc. No. 29] striking the response because it "wholly fail[ed] to address the allegations of the Complaint." *Id*.

Plaintiff then filed the pending "Second" Motion for Default Judgment [Doc. No. 31], which is, in fact, Plaintiff's third attempt at obtaining a default judgment. In support, however, Plaintiff attaches the *original* affidavit of Mr. Gagliardi. That affidavit, as the Court previously determined, does not support the entry of default judgment.

Plaintiff's careless filing practices are habitual, both in this action and in other cases filed by Plaintiff in this judicial district. *See, e.g,*, Order [Doc. No. 17] (cautioning Plaintiff that

3

"continued careless submissions and failure to comply with Court's directives may result in the imposition of sanctions).[1]

The Court has the inherent power to manage its dockets. Plaintiff's repeated careless submissions have caused this Court to unnecessarily expend significant judicial resources. Plaintiff's haphazard attempts to "get it right" will not be tolerated.

Rule 41(b) of the Federal Rules of Civil Procedure gives a court the authority to dismiss a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." The Court may dismiss *sua sponte* pursuant to Rule 41(b). *Davis v. Miller*, 571 F.3d 1058, 1060 (10th Cir.2009). Before an action may be dismissed with prejudice, the court must consider five factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir.1992) (citations omitted). "'Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.'" *Id*. at 921 (*quoting Meade v. Grubbs*, 841 F.2d 1512, 1521 n. 7 (10th Cir.1988)). Courts are required to evaluate these factors explicitly and on the record. *Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir.1994) (holding that a district court's failure to explicitly consider the *Ehrenhaus* factors constituted abuse of discretion).

---

[1]The Court acknowledges that Defendant has never filed an answer as directed by this Court. Although Defendant appears *pro se*, he is required to abide by the Federal Rules of Civil Procedure and the Local Civil Rules of this Court. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir.2005). Nonetheless, this is not a case where Defendant has wholly failed to respond and the Court has previously determined Defendant has raised a meritorious defense. Defendant should not be penalized for Plaintiff's numerous mishaps.

All five of the *Ehrenhaus* factors support dismissal with prejudice here. First, Defendant has been required to repeatedly defend against inconsistent and potentially erroneous factual allegations based on the inaccurate information contained in the affidavits submitted by Plaintiff. Defendant is thus prejudiced. Second, Plaintiff's repeated filing errors and failure to adhere to the Court's orders has hindered the Court's ability to efficiently manage its docket, thus interfering with the judicial process. Third, there is nothing in the record that indicates that Plaintiff is anything less than entirely culpable for the mis-filings. Fourth, this Court has admonished Plaintiff for its inaccurate filings and in fact has previously denied the entry of default judgment as a result thereof. Finally, in light of the circumstances presented, there is no reason to believe that a less drastic sanction, such as dismissal without prejudice, would adequately deter Plaintiff"'s behavior. Thus, under *Ehrenhaus*, dismissal with prejudice is appropriate.

IT IS THEREFORE ORDERED that Plaintiff's Second Motion for Default Judgment [Doc. No. 31] is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Second Motion for Default Judgment [Doc. No. 32] is DENIED as MOOT.

IT IS FURTHER ORDERED that this action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this  3rd  day of August, 2015.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE